IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **1712 SOUTH PRAIRIE LLC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 07 C 6703 |
| | ) | Judge David H. Coar |
| **HONORABLE ROBERT FIORETTI,** | ) | Magistrate Judge Nan Nolan |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT

Defendant Alderman Robert Fioretti, by his attorney, Mara S. Georges, Corporation Counsel for the City of Chicago ("Alderman Fioretti"), hereby moves this Court to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and (b)(1), the Verified Complaint for Mandamus and for Injunctive, Declaratory and Monetary Relief (the "Complaint") filed by Plaintiffs 1712 South Prairie LLC, Kargil Development Partners LLC, Keith Giles, and Jerry Karlik (collectively, "Plaintiffs"). In support of his motion, Alderman Fioretti states as follows:

### Background

1.  Plaintiffs are the owners and developers of adjacent parcels of land located at 1712 South Prairie Avenue in Chicago, IL (the "Property"). (Comp., ¶ 1.) On October 4, 2006, the Chicago City Council amended the Chicago Zoning Ordinance to authorize a Plan of Development ("PD 1033") for the Property, which allows Plaintiffs to improve the Property with a condominium development called the XO Condominium Development (the "Development"). (Comp., ¶ 16.)

2.  On July 19, 2007, Alderman Fioretti introduced an ordinance, which, if passed by the City Council, would rescind PD 1033 and reinstate DX-5 as the zoning for the Property (the "Proposed Ordinance"). (Comp., ¶¶ 23-24.) The City Council's Committee on Zoning (the

"Committee") was scheduled to consider the Proposed Ordinance at its October 25, 2007 meeting, but Alderman Fioretti requested that the Committee "indefinitely defer any action" on the Proposed Ordinance. (Comp., ¶ 28.) The Committee granted Alderman Fioretti's request and therefore did not consider the Proposed Ordinance at its October 25, 2007 meeting. (Comp., ¶ 30.)

3. Plaintiffs filed the instant lawsuit on October 25, 2007. In Counts I-IV of their Complaint, Plaintiffs claim that Alderman Fioretti's introduction of the Proposed Ordinance and his request that the Committee defer consideration of it violated their procedural and substantive due process rights under both the United States and Illinois Constitutions. They ask this Court to enjoin Alderman Fioretti from "taking any further action to interfere with or impede [Plaintiffs'] construction of the Development" and to award them damages for the deprivation of their constitutional rights. (Comp., pp. 13, 15-18.) In Count V, Plaintiffs ask this Court, pursuant to 735 ILCS 5/2-701, for a declaration that they have a vested right to construct the Development on the Property under PD 1033.

4. As set forth more fully in Defendant's Memorandum of Law in Support of His Motion to Dismiss Plaintiffs' Verified Complaint, which Alderman Fioretti incorporates herein, Plaintiffs have not stated a claim upon which relief can be granted, and their Complaint should be dismissed in its entirety.

### Rule 12(b)(6) Grounds to Dismiss

5. Counts I-IV, in which Plaintiffs claim that Alderman Fioretti violated their procedural and substantive due process rights by introducing the Proposed Ordinance and requesting that the Committee defer consideration of it, should be dismissed because Alderman Fioretti enjoys absolute legislative immunity from Plaintiffs' claims.

6.	Plaintiffs also cannot prevail on Counts I-IV because adjudication of those claims would require this Court to interfere impermissibly with the legislative process.

7.	Counts I and II fail to state a claim that Alderman Fioretti violated Plaintiffs' procedural due process rights because Plaintiffs have not suffered any deprivation of their purported property rights and do not allege any action by Alderman Fioretti that deprived them of any process that was due.

8.	The substantive due process claims set forth in Counts III and IV fail not only because Plaintiffs have not suffered any deprivation but also because Plaintiffs do not identify either a separate constitutional violation or the inadequacy of state law remedies.

9.	Count V, in which Plaintiffs ask this Court for a declaration that they have a vested right to proceed with the Development, fails because PD 1033 has remained the zoning applicable to the Property since its enactment on October 4, 2006.

## Rule 12(b)(1) Grounds to Dismiss

10.	Plaintiffs' requests in Counts I-IV that this Court enjoin Alderman Fioretti from "taking any further action to interfere with or impede [Plaintiffs'] construction of the [XO] Development" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs do not identify any threat of future injury sufficient to satisfy the injury in fact requirement necessary to establish Article III standing.

**WHEREFORE**, Alderman Fioretti respectfully requests that this Court dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (b)(1), and grant him such further relief as this

Court deems just and appropriate.

Dated: January 4, 2008                              Respectfully submitted,

                                                    MARA S. GEORGES
                                                    Corporation Counsel for the City of Chicago

                                                  By:     /s/ William Macy Aguiar
                                                          Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
Rebecca Alfert
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois  60602
(312) 744-6975, 744-4216, 742-0260