IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 1712 SOUTH PRAIRIE LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07 C 6703 |
| | ) | Judge David H. Coar |
| HONORABLE ROBERT FIORETTI, | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT**

Defendant Alderman Robert Fioretti, by his attorney, Mara S. Georges, Corporation Counsel for the City of Chicago ("Alderman Fioretti"), hereby files this Memorandum of Law in Support of His Motion to Dismiss Plaintiffs' Verified Complaint for Mandamus and for Injunctive, Declaratory and Monetary Relief (the "Complaint" or "Comp.").

**INTRODUCTION**

Plaintiffs are the owners and developers of adjacent parcels of land located at 1712 South Prairie Avenue in Chicago, IL (the "Property"). (Comp., ¶ 1.) At the time Plaintiffs acquired the Property, the Chicago Zoning Ordinance classified the property under the DX-5 zoning classification. (Comp., ¶ 13.) Plaintiffs intend to improve the Property with a condominium development called the XO Condominium Development (the "Development"). (Comp., ¶ 1.) On October 4, 2006, the Chicago City Council amended the Chicago Zoning Ordinance to authorize a Plan of Development ("PD 1033") for the Property, which would allow for construction of the Development. (Comp., ¶ 16.)

On July 19, 2007, Alderman Fioretti introduced an ordinance, which, if passed by the City

Council, would rescind PD 1033 and reinstate DX-5 as the zoning for the Property (the "Proposed Ordinance"). (Comp., ¶¶ 23-24.) The City Council's Committee on Zoning (the "Committee") was scheduled to consider the Proposed Ordinance at its October 25, 2007 meeting, but Alderman Fioretti requested that the Committee "indefinitely defer any action" on the Proposed Ordinance. (Comp., ¶ 28.) The Committee granted Alderman Fioretti's request and therefore did not consider the Proposed Ordinance at its October 25, 2007 meeting. (Comp., ¶ 30.) Alderman Fioretti withdrew the Proposed Ordinance on November 20, 2007.[1] (*See* Agreed Motion to Dismiss Count VI and Other Requests for Relief, ¶ 3.)

In Counts I-IV of their Complaint, filed with the Circuit Court of Cook County on October 25, 2007 and removed to this Court on November 29, 2007, Plaintiffs claim that Alderman Fioretti's introduction of the Proposed Ordinance and his request that the Committee defer consideration of it violated their procedural and substantive due process rights under both the United States and Illinois Constitutions. They ask this Court to enjoin Alderman Fioretti from "taking any further action to interfere with or impede [Plaintiffs'] construction of the Development" and to award them damages for the deprivation of their constitutional rights. (Comp., pp. 13, 15-18.) In Count V, Plaintiffs also ask this Court, pursuant to 735 ILCS 5/2-701, for a declaration that they have a vested right to construct the Development on the Property under PD 1033.[2] (Comp., ¶¶ 59-63.)

---

[1] The Court can take notice of matters of public record in considering a motion to dismiss. *See United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

[2] Plaintiffs also brought a claim in Count VI asking the Court to issue a mandamus ordering, *inter alia*, Alderman Fioretti to withdraw his request that the Committee defer consideration of the Proposed Ordinance. Similarly, Plaintiffs request in Counts I through IV that the Court enjoin Alderman Fioretti from taking any further steps to prevent or delay the Committee or the City Council from reconsidering the Proposed Ordinance. Plaintiffs have agreed to withdraw these claims, and the parties file contemporaneously herewith an Agreed Motion to Dismiss Count

Plaintiffs' claims fail as a matter of law, however, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). First, Alderman Fioretti enjoys absolute legislative immunity from Plaintiffs' claims in Counts I-IV that he violated their procedural and substantive due process rights by introducing the Proposed Ordinance and requesting that the Committee defer consideration of it. Second, Plaintiffs also cannot prevail on Counts I-IV because adjudication of those claims would require this Court to interfere impermissibly with the legislative process. Third, there has been no violation of Plaintiffs' procedural due process rights, as alleged in Counts I and II, because Plaintiffs have not suffered any deprivation of their purported property rights and do not allege any action by Alderman Fioretti that deprived them of any process that was due. Fourth, the substantive due process claims set forth in Counts III and IV fail not only because Plaintiffs have not suffered any deprivation but also because Plaintiffs do not identify either a separate constitutional violation or the inadequacy of state law remedies. Fifth, Plaintiffs are not entitled to a declaration that they have a vested right to proceed with the Development because PD 1033 has remained the zoning applicable to the Property since its enactment on October 4, 2006. Finally, Plaintiffs' requests in Counts I-IV that this Court enjoin Alderman Fioretti from "taking any further action to interfere with or impede [Plaintiffs'] construction of the Development" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs do not identify any threat of future injury sufficient to satisfy the injury in fact requirement necessary for Article III standing.

For these reasons, set forth more fully below, Plaintiffs cannot prevail on their claims as a matter of law, and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and (b)(1) is warranted.

---

VI and Other Requests for Relief. In the event the Court denies the parties' Agreed Motion, Alderman Fioretti contends that such claims are now moot in light of his withdrawal of the Proposed Ordinance. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the Court must accept all well-pleaded allegations in the plaintiff's complaint as true. *See id.* All reasonable inferences are to be drawn in favor of the non-moving party. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998) (citation omitted). The purpose of a Rule 12(b)(6) motion to dismiss is to determine the adequacy of the complaint, not to determine the merits of the action. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate if the complaint fails to provide adequate notice or does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Federal Rule of Civil Procedure 12(b)(1) allows dismissal when the Court lacks subject matter jurisdiction over a plaintiff's claim. *See* Fed. R. Civ. P. 12(b)(1). As is true in considering a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction, and when such jurisdiction is challenged, the plaintiff must provide competent proof of jurisdictional facts to support its allegations. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

# ARGUMENT

I. **Alderman Fioretti Has Absolute Legislative Immunity from Plaintiffs' Claims for Damages in Counts I-IV.**

In Counts I-IV, Plaintiffs claim that Alderman Fiorreti violated their procedural and substantive due process rights under both the United States and Illinois Constitutions by introducing the Proposed Ordinance and requesting that the Committee defer consideration of it. Plaintiffs seek, *inter alia*, damages against Alderman Fioretti for these purported violations under 42 U.S.C. § 1983. (Comp., pp. 14-16, 18.) The Seventh Circuit has held, however, that members of local legislative bodies are absolutely immune from suits for damages under section 1983 with respect to actions taken in their legislative capacity. *See Biblia Abierta v. Banks*, 129 F.3d 899, 903 (7th Cir. 1997); *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988). Legislative acts include: "(1) core legislative acts such as introducing, debating, and voting on legislation; (2) activities that could not give rise to liability without inquiry into legislative acts and the motives behind them; and (3) activities essential to facilitating or preventing the core legislative process." *Biblia Abierta*, 129 F.3d at 903.

Alderman Fioretti's introduction of the Proposed Ordinance and his request that the Committee on Zoning defer consideration of it are legislative acts to which absolute legislative immunity attaches. The Seventh Circuit has already held that a Chicago alderman has absolute legislative immunity when introducing an ordinance to rezone a parcel of property. *See id.* In *Biblia Abierta*, the Seventh Circuit held that "rezoning (including participation in the introduction and passage of a rezoning ordinance) is a legitimate legislative activity" *id.* at 905, and "[a]ny alderman's participation in introducing and voting for a rezoning ordinance is entitled to absolute legislative immunity." *Id.* at 904. The Court also held that an alderman was entitled to absolute legislative

immunity for requesting a continuance of a hearing. *See id.* at 905. The Court reasoned that it could not examine an alderman's request to postpone a hearing because "the inquiry would inevitably be directed at other conduct which would include their legislative acts." *Id.* at 905. Under *Biblia Abierta*, therefore, Alderman Fioretti is absolutely immune from suit for introducing the Proposed Ordinance and requesting that the Committee postpone consideration of it.

Plaintiffs contend in Paragraph 43 of the Complaint that Alderman Fioretti is not entitled to immunity because the Proposed Ordinance only concerned a single parcel of property (Comp., ¶ 43), but that distinction was squarely rejected by the Seventh Circuit in *Biblia Abierta*. *Id.* at 904-05 (finding that absolute immunity does not depend upon the number of people a law happens to affect and that a rezoning involving a single parcel of property is legitimately legislative). Similarly, Plaintiffs' allegations that Alderman Fioretti's actions were "undertaken with malice" and "with the intention of causing further injury to the plaintiffs," even if true, do not strip Alderman Fioretti of absolute legislative immunity. "[M]otive is not an element to be considered when determining absolute legislative immunity." *Id.* (citing *Tenney v. Brandhoye*, 341 U.S. 367, 377 (1951)). Because motive is irrelevant to the applicability of absolute legislative immunity, Alderman Fioretti's intentions -- whatever they may be -- have no bearing on his absolute immunity from Plaintiffs' claims.

Because Alderman Fioretti has absolute legislative immunity for introducing the Proposed Ordinance and for requesting that the Committee defer consideration of it, Plaintiffs cannot claim that such actions violated their substantive and procedural due process rights under the United States and Illinois Constitutions. Dismissal of Counts I-IV is therefore warranted.

**II.    Plaintiffs Improperly Seek A Judicial Remedy for a Legislative Issue.**

Counts I-IV also fail in their entirety because adjudication of those claims would require the Court to interfere with an alderman's legislative functions. Under the separation of powers doctrine, courts have no authority to guide or supervise legislative bodies or otherwise interfere with their exclusive functions. *See* Ill. Const. Art. II, § 1 (1970) ("The legislative, executive and judicial branches are separate. No branch shall exercise the powers properly belonging to the other."). Thus, under what has been termed the "political question" doctrine, Plaintiffs cannot seek relief from this Court that would infringe on Alderman Fioretti's exclusive right to act in his legislative capacity. *See, e.g.*, *United States v. Munoz-Flores*, 495 U.S. 385, 394 (1990) (political question doctrine is "essentially a function of the separation of powers," existing to restrain courts "from inappropriate interference in the business of the other branches of Government"); *McIntyre v. Fallahay*, 766 F.2d 1078, 1080 (7th Cir. 1985) (dispute nonjusticiable where legislature had authority to determine facts, apply rules and render judgment, beyond any judicial authority); *In re African American Slaves Litig.*, 375 F. Supp.2d 721, 754-64 (N.D. Ill. 2005) (court may not interfere with questions entrusted to action by political department or for which there is no satisfactory criteria for judicial determination).

Plaintiffs' claims necessarily depend on a finding that the Proposed Ordinance was wrongfully introduced, that the Committee on Zoning wrongfully deferred voting on it, and that any attempt to re-introduce a similar ordinance would be improper. But the introduction of zoning legislation, and the procedures for when and how votes are held on such proposals, are legislative functions. *See, e.g., Biblia Abierta*, 129 F.3d at 903 (introducing, debating and voting on zoning legislation is core legislative function); *Rateree*, 852 F.2d at 950-51 (city commissioners' approval

of budget decisions is "very heart" of legislative process); *Committee for Educ. Rights v. Edgar,* 174 Ill.2d 1, 28, 672 N.E.2d 1178, 1191 (1996) (political questions include those that have been constitutionally committed to political body). Thus, Plaintiffs are asking the Court to address matters of legislative procedure and discretion that are intrinsic to the operation of City Council and are therefore outside the scope of judicial review. For this reason, Counts I-IV should be dismissed.

**III.     Plaintiffs Have Not Stated A Violation of Their Procedural Due Process Rights.**

Plaintiffs fail to state a claim in Counts I and II that Alderman Fioretti violated their procedural due process rights under the United States and Illinois Constitutions.[3] In order to state a claim for violation of procedural due process, a plaintiff must set forth two elements: (1) deprivation of a protected interest; and (2) that he was not afforded the proper due process. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1479 (7th Cir. 1990). Plaintiffs' allegations, accepted as true for purposes of this Motion, however, do not amount to a procedural due process violation as a matter of law.

Plaintiffs allege that they have a protected interest "in *developing the Property consistent with the PD* as approved by the City Council in October 2006." (Comp., ¶ 37.) Assuming, *arguendo*, that the right to develop the Property consistent with PD 1033 is an interest afforded due

---

[3] Although procedural due process under the Illinois Constitution is not coextensive with that of the Fourteenth Amendment to the United States Constitution, *see Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 982, 713 N.E.2d 754, 762 (1st Dist. 1999), the federal court's interpretation of due process under the U.S. Constitution is a source of "guidance and inspiration" in evaluating due process under the Illinois Constitution. *Id*. (citation omitted). Because the Illinois Supreme Court, in *Stratton v. Wenona Community Unit Dist. No. 1*, 133 Ill. 2d 413, 432, 551 N.E.2d 640, 648 (1990), adopted the standard for notice set forth by the United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950), this Court can dismiss Plaintiffs' claim under the Illinois Constitution for the same reasons Plaintiffs' federal claim fails.

process protection, Plaintiffs fail to allege any deprivation of that interest. PD 1033, which allows construction of the Development on the Property, has been valid since its enactment by the Chicago City Council on October 4, 2006. Consequently, because there has been no legislative impediment to the development of the Property consistent with the PD 1033, neither Alderman Fioretti nor anyone else has deprived Plaintiffs of their alleged property interest.

Plaintiffs allege that they have suffered a deprivation because the Proposed Ordinance made it "impossible for the plaintiffs to obtain additional financing essential to take the project through construction," "caused a significant drop in sales activity," and "led existing purchasers to threaten to breach their contractual obligations to deposit additional earnest money." (Comp., ¶ 26.) These alleged difficulties with continued financing or sales, however, arise from actions taken by third party financiers and buyers -- not by Alderman Fioretti. Plaintiffs cannot create a deprivation of a property interest by Alderman Fioretti based on the collateral conduct of third parties. *See Long Grove Country Club Estates, Inc. v. Village of Long Grove*, 693 F. Supp. 640, 657 (N.D. Ill. 1988) (alleged lost sales of certain subdivision units to persons who would not buy units until plaintiffs had received culvert permit was not deprivation by Village). Even if the Proposed Ordinance caused Plaintiffs difficulties they still had the *legal right* to proceed with the Development. The Proposed Ordinance therefore has not, as a matter of law, caused a deprivation of Plaintiffs' property interest, and Plaintiffs' claims against Alderman Fioretti fail.

Because Plaintiffs have not suffered a deprivation of their property interest, they cannot claim that they were not afforded procedural due process. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542

(1985) (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313 (1950)). The Supreme Court has "described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Id.* (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). In this instance, as stated above, Plaintiffs have not been deprived of their alleged property interest. Therefore, Plaintiffs cannot complain that they were denied an opportunity for a hearing.

Even assuming, *arguendo*, that Plaintiffs have suffered a deprivation, they do not allege a deficiency in the process that gives rise to a viable claim.[4] If Plaintiffs are alleging that they were denied due process because the Committee deferred its consideration of the Proposed Ordinance -- and thereby denied them a hearing on the matter -- that claim fails because any hearing on the Proposed Ordinance was deferred along with the Proposed Ordinance. Plaintiffs have not alleged, nor can they, that the City Council voted on the Proposed Ordinance without notice and a hearing.

For these reasons, Plaintiffs' claims that Alderman Fioretti violated the procedural due process guarantees of the United States and Illinois Constitutions fail as a matter of law, and Counts I and II should be dismissed.

**IV.   Plaintiffs Fail To State A Claim For Violation Of Substantive Due Process.**

Like Plaintiffs' procedural due process claims, Plaintiffs' substantive due process claims in Counts III and IV also fail because Plaintiffs cannot show any deprivation of their property interests.[5]

---

[4]   Plaintiffs do not allege that they did not receive notice of any hearing at which the Committee was scheduled to consider the Proposed Ordinance, nor do they allege that they were denied the opportunity to participate at any Committee hearing at which the Committee actually considered the Proposed Ordinance.

[5]   Because Illinois courts generally decide substantive due process claims arising under the Illinois Constitution under the same standard as those brought pursuant to the U.S. Constitution

(Comp., ¶¶ 49-52.) Even if Plaintiffs have identified a deprivation, however, they have not stated a substantive due process claim. The Supreme Court has made clear, and the Seventh Circuit has similarly cautioned, that the scope of substantive due process is extremely limited. *See, e.g.*, *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997)). This is especially true when the claim is based on property interests and does not involve a fundamental right. *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989). In order to maintain a substantive due process challenge to a zoning ordinance, plaintiffs must show that the ordinance is arbitrary, capricious and unreasonable, and bears no substantial relationship to the public health, safety, or welfare. *See, e.g., Doherty*, 75 F.3d at 325; *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467-68 (7th Cir. 1988). The Seventh Circuit has emphasized, however, that "federal courts are not boards of zoning appeals," and "disciplined jurisprudence in this area" is required. *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165 (7th Cir. 1994); *see Coniston*, 844 F.2d at 466 ("No one thinks substantive due process should be interpreted so broadly as to protect landowners against erroneous zoning decisions."). As a result, in addition to alleging that the decision was arbitrary and irrational, "the plaintiff must also show either a separate constitutional violation or the inadequacy of state law remedies." *See Contreras v. City of Chicago*, 119 F.3d 1286 (7th Cir. 1997); *Polenz*, 883 F.2d at 558; *Kauth v. Hartford Ins. Co. of Illinois*, 852 F.2d 951, 955-56 (7th Cir. 1988). Plaintiffs satisfy neither element.

First, Plaintiffs have not stated a valid, independent constitutional violation. Although

---

(*see, e.g., In re Bailey*, 317 Ill. App. 3d 1072, 1082-83, 740 N.E.2d 1146, 1154 (1st Dist. 2000)), and because such a claim necessarily requires a deprivation of property based on arbitrary and unreasonable governmental action, Plaintiff's state substantive due process claim in Count IV fails for the same reasons as discussed herein. *Russell v. Department of Natural Resources*, 183 Ill.2d 434, 446-47, 701 N.E.2d 1056, 1062 (1998).

Plaintiffs include a procedural due process claim in Count I, their claim fails as a matter of law because (1) they have not shown the deprivation of a protected property interest, and (2) they received all of the process they were due. *See supra,* pp. 8-10. The mere allegation of an independent constitutional violation in the Complaint is insufficient; Plaintiffs must state a *viable* constitutional claim to meet this requirement. *See, e.g., New Burnham Prairie Homes*, 910 F.2d at 1480-81 (dismissing substantive due process claim where procedural due process claim failed as a matter of law); *Doherty,* 75 F.3d at 325 (same).

Second, Plaintiffs do not allege the inadequacy of state law remedies, nor can they. Plaintiffs seek monetary damages allegedly incurred by the introduction of the Proposed Ordinance, as well as injunctive relief to prevent any future interference with their construction of the Development. This type of relief has long been held to be compensatory through state court remedies, including claims for reverse condemnation, conversion, a "*LaSalle* factor" challenge, or mandamus. *See, e.g., River Park, Inc.*, 23 F.3d at 167 (litigation over zoning characterization can be remedied by invalidation of ordinance or inverse condemnation suit, both of which belong in state court); *Lucas v. Village of LaGrange*, 831 F. Supp. 1407, 1415 (N.D. Ill. 1993) (availability of mandamus action to contest refusal of Village to issue business license and permit prevented substantive due process claim). Plaintiffs have numerous state court remedies available to them to redress their purported injuries and have failed to allege that any such avenues would be inadequate. Because Plaintiffs have not alleged either an independent constitutional violation or the inadequacy of state law remedies, their substantive due process claim fails, and Counts III and IV should therefore be dismissed.

## V. Plaintiffs Have Not Stated a Vested Rights Claim.

Plaintiffs cannot prevail as a matter of law on their request in Count V for a declaration pursuant to 735 ILCS 5/2-701 that they have a vested right to proceed with the Development. Under Illinois law,

> "[w]here there has been a substantial change of position, expenditures or incurrence of obligations made in good faith by an innocent party under a building permit or in reliance upon the probability of its issuance, such party has a vested property right and he may complete the construction and use of the premises for the purposes originally authorized, *irrespective of subsequent zoning or a change in zoning classification*."

*1350 Lake Shore Assoc. v. Healy*, 223 Ill.2d 607, 615, 861 N.E.2d 944, 950 (2006) (quoting *People ex rel. Skokie Town House Builders, Inc. v. Village of Morton Grove*, 16 Ill.2d 183, 191, 157 N.E.2d 33, 37 (1959)) (emphasis added). Thus, a vested rights claim does not arise until there has been a change in the zoning which renders the project at issue unlawful. In this case, PD 1033 has been valid since its passage by the City Council on October 4, 2006, and Plaintiffs plead no facts to the contrary. Plaintiffs do plead that Alderman Fioretti *introduced* the Proposed Ordinance (Comp., ¶ 60), but the mere introduction of an amendatory zoning ordinance does not alter the zoning until passage by the City Council. Alderman Fioretti's introduction of the Proposed Ordinance therefore cannot give rise to a vested rights claim. Even assuming, *arguendo*, that the introduction of the Proposed Ordinance could give rise to a vested rights claim, that claim is now moot because Alderman Fioretti withdrew the Proposed Ordinance.[6] *Holstein*, 29 F.3d at 1147. Plaintiffs therefore

---

[6] In their prayer for relief in Count V, Plaintiffs also ask the Court to enter a declaration that "*any* effort to revoke the PD . . . *would be* void and unenforceable, *if* passed and signed into law." (Comp., p. 19.) Because Plaintiffs ask this Court to rule on the effect of legislation that *could* be introduced in the future, Plaintiffs seek an advisory opinion which this Court cannot properly give. *See Deveraux v. City of Chicago*, 14 F.3d 328, 331 (7th Cir. 1994).

have not stated a claim in Count V, and it should be dismissed.

## VI. Plaintiffs' Requests For Injunctive Relief Do Not Satisfy Article III Standing Requirements.

In Counts I-IV, Plaintiffs ask this Court to enter a preliminary and permanent injunction

> barring Alderman Fioretti from taking any further action to interfere with or impede the plaintiffs' construction of the Development, including asserting objections to or withholding consent for any permits, licenses or other customary relief routinely granted by the Plan Commission and required to complete construction of the Development Consistent with the PD.

(Comp., pp.13,15-17.) Plaintiffs are not entitled to such relief, however, because they have not established a case or controversy under Article III of the United States Constitution.

Article III standing requires that a plaintiff demonstrate three elements: (1) an "injury in fact"- an invasion of a legally recognized interest which is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal link between that injury and the defendant's action, such that the injury is fairly traceable to the action complained of; and (3) that a favorable decision will likely redress the injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Where a plaintiff seeks prospective equitable relief such as an injunction, he must show that the actions of the defendant constitute a real and immediate threat, with "a significant likelihood and immediacy of sustaining some direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210-11 (1995)). The mere possibility that the defendant may sometime in the future act against the plaintiff is too speculative a claim to establish a real and immediate case or controversy. *See, e.g., Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) (possibility that prisoner, who had already been subjected to certain restraining device in past, may be subjected to same device in future insufficient to establish standing

for injunction to prevent future use of device).

Here, Plaintiffs do not identify *any* threat of future injury, much less a threat real and immediate enough to satisfy the injury in fact requirement. The Proposed Ordinance has been withdrawn, and Plaintiffs have not alleged any conduct or intent by Alderman Fioretti to take future action to interfere with Plaintiffs' construction of the Development, such as re-introducing the ordinance or withholding consent for building permits or licenses. Plaintiffs' potential injuries are simply too abstract and conjectural to give them standing to seek injunctive relief, and therefore, their requests for an injunction should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, Alderman Fioretti respectfully requests that this Court dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Plaintiffs' Complaint, and grant him such other relief as this Court deems just and appropriate.

Dated: January 4, 2008

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

By:     /s/ William Macy Aguiar
          Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
Rebecca Alfert
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-6975, 744-4216, 742-0260