IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 1712 SOUTH PRAIRIE LLC, KARGIL DEVELOPMENT PARTNERS LLC, KEITH GILES and JERRY KARLIK,<br><br>    Plaintiffs,<br><br>v.<br><br>HONORABLE ROBERT FIORETTI, Individually,<br><br>    Defendant. | Case No. 07 C 6703<br><br>Honorable David H. Coar |

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, Daniel Feeney, representing plaintiff(s), and William Aguiar and Rebecca Alfert Hirsch representing the defendant(s), met on December 20, 2007 pursuant to Rule 26(f) to discuss:

1. 
   (1) the nature and basis of their claims and defenses;
   (2) the possibilities for a prompt settlement or resolution of this case;
   (3) to make or arrange for the disclosures required under Rule 26(a)(1); and
   (4) to develop a discovery plan.

   To that end, the parties propose the following:

   A. The issues in this case may be simplified by taking the following steps:

   In light of the withdrawal of the proposed ordinance at issue, plaintiff's voluntarily dismissed Count VI of the Complaint and withdrew certain requests for injunctive relief found in Counts I-IV by way of an Agreed Order entered by the Court on January 8, 2008.

   B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

   None.

C. Discovery will be needed on the following subjects:

1. Plaintiffs' expenditures and obligations incurred before July 18, 2007;
2. Alderman Fioretti's actions in connection with his proposal and deferral of the Revocation Ordinance; and
3. Plaintiffs' damages.

D. Discovery should not be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.

Yes____    No_X_

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and concluded:

At this time, the parties do not agree that alternative dispute resolution is the most beneficial approach.

H. The parties have discussed a prompt settlement or other resolution of this matter. The defendant has stated that he is not willing to offer any money to settle the matter at this time.

I. The Court should consider the following methods of expediting the resolution of this matter:

If the case is still pending after resolution of the defendant's pending motion to dismiss, the parties will revisit whether to request a settlement conference with the Court.

By: /s/ Daniel M. Feeney
Attorney for Plaintiffs


By: /s/ William Macy Aguiar
Attorney for Defendant

**Judge David H. Coar**
**United States District Judge**

2

## CERTIFICATE OF SERVICE

The undersigned attorney, upon oath, hereby certifies that a copy of the foregoing **Report of Parties' Planning Conference**, was served upon the named party(ies) via ECF (electronic filing) on the **29**[th] day of **January, 2008.**

/s/ Daniel M. Feeney

Michael L. Shakman  (ARDC #02558823)
Daniel M. Feeney (ARDC #06224893)
MILLER SHAKMAN & BEEM LLP
180 North La Salle Street - Suite 3600
Chicago, IL 60601
Atty. No. 90236
Telephone:   (312) 263-3700
Facsimile:    (312) 263-3270